UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN DEJESUS,<br><br>             Petitioner,<br><br>vs.<br><br>FRANCISCO RIVERA, Superintendent,<br>Wallkill Correctional Facility,<br><br>             Respondent. | No. 9:09-cv-00105-JKS<br><br>MEMORANDUM DECISION |

Petitioner Juan DeJesus, a state prisoner appearing *pro se*, has filed a petition for habeas corpus relief under 28 U.S. C. § 2254.  DeJesus is currently in the custody of the New York State Department of Correctional Services, incarcerated at the Wallkill Correctional Facility. Respondent has answered.  DeJesus has not replied.[1]

I.  BACKGROUND/PRIOR PROCEEDINGS

In February 1982 DeJesus was convicted of second-degree murder.  The trial court sentenced DeJesus to an indeterminate term of 15 years to life in state prison.  DeJesus appealed that conviction to the Appellate Division, First Department, which affirmed his conviction, and

---

[1] Consequently, this Court may accept the allegations in the answer as true.  28 U.S.C. § 2248.

the New York Court of Appeals affirmed that decision on April 30, 1985.[2]  DeJesus does not challenge his conviction in these proceedings.

Subsequent to his imprisonment, DeJesus made several appearances before the Division of Parole seeking discretionary release.  The last such appearance was on January 22, 2008, at which time the parole board denied parole and placed a 24-month hold on further parole proceedings.  DeJesus administratively appealed denial of parole, and the Appeals Unit of the Division of Parole affirmed the parole board's denial on June 15, 2008.  DeJesus did not seek review of the Appeals Unit decision in the New York state courts.  DeJesus timely filed his petition for relief in this Court on January 24, 2009.

## II.  GROUNDS RAISED/DEFENSES

In his petition, DeJesus raises four grounds:  (1) his case folder was incomplete because it lacked the sentencing minutes; (2) the denial of release to parole supervision on seven separate dates is tantamount to re-sentencing in violation of the Fifth Amendment Double Jeopardy Clause; (3) the principles of separation of powers were violated because enhancement of the minimum sentence violates the Double Jeopardy Clause; and (4) the principles of separation of powers were violated because the executive branch infringed upon the authority of the judicial branch.  Respondent contends that DeJesus has not exhausted his state court remedies.  Respondent raises no other affirmative defense.[3]

---

[2] *People v. DeJesus*, 475 N.Y.S.2d 19 (App. Div. 1984), *aff'd*, 479 N.E.2d 824 (N.Y. 1985).

[3] *See* Rules—Section 2254 Cases, Rule 5(b).

III.  STANDARD OF REVIEW

Because the petition was filed after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Consequently, this Court cannot grant relief unless the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state court decision."[5]  The holding must also be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[6]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[7]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court

---

[4] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[5] *Williams*, 529 U.S. at 412.

[6] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[7] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam).

precedent must be objectively unreasonable, not just incorrect or erroneous.[8] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[9] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[10] Petitioner "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."[11]

To the extent that the petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[12] A federal court must accept that state courts correctly applied state laws.[13] A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due

---

[8] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[9] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[10] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[11] *Hawkins v. Costello*, 460 F.3d 238, 246 (2d Cir. 2006) (internal quotation marks and citation omitted).

[12] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[13] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

process.[14]  A federal court may not issue a habeas writ based upon a perceived error of state law unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[15]

## IV.  DISCUSSION

Respondent contends that DeJesus has not exhausted his state court remedies.  This Court agrees.  This Court, however, need not decide the petition on that issue because it may deny the petition on the merits notwithstanding the fact that DeJesus has failed to exhaust his state court remedies.[16]

Except to the extent the second ground alleges a Double Jeopardy Clause violation, DeJesus's first, third and fourth grounds essentially allege violations of state law or the New York Constitution.  DeJesus does not present a federal constitutional issue.  As issues solely concerned with the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding.[17]  Consequently, DeJesus is not entitled to relief under his first, third and fourth grounds.

It is well-established by Supreme Court precedent that there is no federal constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.[18]  DeJesus's due process argument is foreclosed under controlling Second Circuit

---

[14] *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002).

[15] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

[16] 28 U.S.C. § 2254(b)(2).

[17] *See Bell*; *Estelle*; *Walton*.

[18] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

precedent holding that New York's parole scheme does not create a liberty interest protected by the Due Process Clause of the Fourteenth Amendment.[19]  It is through the Due Process Clause of the Fourteenth Amendment that the Fifth Amendment proscription on double jeopardy is made applicable to the states.[20]

Even if DeJesus had a valid due process claim, he would not prevail.  The New York parole scheme provides for a review of the inmate's file, a personal interview by the Board, and a statement of its reasons for denying parole.[21]  This meets the basic requirements of due process as applied to parole hearings.[22]  Moreover, the action of the parole board denying DeJesus parole does not transgress any of the protections afforded by the Double Jeopardy Clause:  (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; or (3) multiple punishments for the same offense.[23]  Consequently, the argument that DeJesus's protection against double jeopardy has been violated, whether raised in his second or third ground, is not factually supported by the record.  DeJesus is not entitled to relief under his second and third grounds.

V.  CONCLUSION AND ORDER

DeJesus is not entitled to relief on any ground raised in his petition.

---

[19] *See Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001); *see also Davis v. Dennison*, 219 Fed.Appx. 68, 70 (2d Cir. 2007) (same).

[20] *See Monge v. California*, 524 U.S. 721, 727 (1998).

[21] N.Y. Exec. Law § 259-i; 9 N.Y. Comp. Codes & Regs. § 8002.3.

[22] *See Greenholtz*, 442 U.S. at 15.

[23] *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[24]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court is to enter final judgment accordingly.

Dated: December 17, 2009.

          /s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[24] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).